U.S. DISTRICT COURT - N.D. OF N.Y.
FILED
MAR 0 3 2020
AT_____ O'CLOCK_____
John M. Domurad, Clerk - Utica

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

SHARON WOOD, Medicare Representative for STORM WOOD,

Plaintiff,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

Defendant.

---

Civil Action No.
5:19-CV-1122 (DNH/TWD)

## ORDER

PENDING before the Court, is the defendant's Motion to Remand this case to the Secretary of Health and Human Services, so that the Secretary may consider the merits of the underlying Medicare claims.[1] ECF Doc. No. 11. Sharon Wood ("plaintiff") does not oppose defendant's motion. ECF Doc. No. 12. For the reasons articulated in the defendant's Motion to Remand, there is good cause to remand this matter to the Secretary of Health and Human Services. Accordingly, it is hereby ORDERED:

1) Pursuant to the sixth sentence of 42 U.S.C. § 405(g), this case is REMANDED to the Secretary of Health and Human Services to consider the merits of the underlying Medicare claim(s).

2) When this case is remanded to the Secretary of Health and Human Services, Noridian Healthcare Solutions, LLC (the Medicare contractor) will reopen its February 1, 2018 dismissal, and upon review of the record, including any documents referred at

---

[1] The underlying claims sought compensation for $27,425 for a Pro-Bed Freedom hospital bed, and $784 for other miscellaneous durable medical equipment. The record is unclear as to whether plaintiff is pursuing the $784 claim. On remand, plaintiff shall specify whether she is pursuing the $784 claim, and if she is, the Secretary shall address the merits of that claim, as further ordered below.

Paragraphs 3 and 4 of this Order, will issue a redetermination on the merits regarding plaintiff's Medicare claim(s). Noridian may not deny the claims on the grounds that they were late-filed. Plaintiff will be entitled to subsequent intra-agency administrative review in accordance with the Secretary's regulations.

3) Noridian Healthcare Solutions, LLC, shall incorporate the documents included with plaintiff's Response, ECF Doc. No. 12, into the administrative record in this matter.

4) Within 14 days from the date of this Order, the plaintiff may submit any additional evidence she wishes Noridian to consider as part of its redetermination, to the following address:

> Noridian JA DME
> Attn: Appeals - Bret Brovick
> PO Box 6780
> Fargo, ND 58108-6780

5) If the plaintiff appeals any denial of her claim to the HHS Medicare Appeals Council ("MAC"), the final level of review, and the MAC issues a decision or dismissal with which the plaintiff is dissatisfied[2], plaintiff may file a notice of appeal with this Court within 60 days of receiving the MAC's notice, with a copy to the United States Attorney's Office for the Northern District of New York, provided that all statutory and regulatory requirements for an filing an appeal, including the amount in controversy requirements, are met. This filing shall reference the docket number of this case, which shall remain open while the case is on remand.

6) Within 90 days of the date plaintiff files a copy of the MAC's decision or dismissal with the Court, the Secretary shall file a copy of the certified administrative record,

---

[2] The decision or dismissal issued by the Medicare Appeals Council will state that the beneficiary has a right to federal court review.

2

including any additional documents made part of the administrative record as part of this remand, and, if testimony is taken, transcripts thereof, with the Court. This filing shall constitute the Secretary's answer in this matter. Within 45 days of the Secretary's answer, plaintiff shall file a brief setting forth the grounds that plaintiff contends entitle her to relief. The brief shall contain the following items, under the appropriate headings and in the following order:

a. A statement of the issues presented for review, set forth in separately numbered paragraphs;

b. A statement of the case, which should briefly indicate the course of the proceeding and its disposition at the administrative level and should set forth a general statement of facts. The statement of the facts shall include all facts that plaintiff contends are necessary to support her claim for relief, and shall be supported by reference to the page in the record where the evidence may be found;

c. An argument section, which shall be divided into sections separately addressing each issue and must set forth plaintiff's contentions with respect to the issues presented and reasons therefor. Each contention must be supported by specific reference to the portion of the record relied upon and by citations to statutes, regulations, and cases supporting plaintiff's position; and

d. A short conclusion stating the relief sought.

Within forty-five (45) days after service of plaintiff's brief, defendant shall serve and file a brief that identifies and responds to each issue raised by plaintiff. Defendant's brief shall conform to the requirements set forth above for plaintiff's brief, except that

a statement of the issues and a statement of the case need not be included unless defendant disagrees with plaintiff's recitation of the same. Reply papers are not permitted without the Court's prior permission. No party shall file or serve a brief that exceeds twenty-five (25) pages in length, double-spaced, unless leave from the Court is obtained prior to filing the brief. All briefs shall be formatted as prescribed by Local Rule 10.1(a) and shall contain a table of contents. Notwithstanding anything in this paragraph, nothing in this paragraph shall prohibit either party from seeking an extension from the Court of the deadlines contained herein.

7) If, at any level of review, an agency component makes a decision that is favorable to the plaintiff, and the Center for Medicare & Medicaid Services or Noridian choose not to seek review of that decision, the Secretary shall file a statement with the Court stating this fact, so that this case may be closed.

Date: 03/03/2020

David N. Hurd
United States District Judge